# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, MORAN, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class BRADLEY O. TEMPLE**
**United States Army, Appellant**

ARMY 20090883

Headquarters, Fort Carson
Debra Boudreau, Michael Hargis, and Mark Bridges, Military Judges
Lieutenant Colonel R. Tideman Penland, Jr., Acting Staff Judge Advocate (pretrial)
Colonel Randy T. Kirkvold, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA (argued); Major Laura R. Kesler, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief); Major Richard E. Gorini, JA.

For Appellee:  Captain Bradley M. Endicott, JA (argued); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Bradley M. Endicott, JA (on brief).

21 December 2012

----------------------------------------------------
SUMMARY DISPOSITION ON REMAND
----------------------------------------------------

Per Curiam:

A military panel composed of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy to commit rape, rape, indecent conduct, and forcible sodomy in violation of Article 81, 120, and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 920, 925 (2006) [hereinafter UCMJ].  Appellant was sentenced to a dishonorable discharge, confinement for fifteen years, total forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved twelve years of confinement, credited appellant with 123 days of confinement credit against the sentence to confinement, and otherwise approved the adjudged sentence.

TEMPLE – ARMY 20090883

This case was previously submitted to this court for review pursuant to Article 66, UCMJ. On 13 July 2012, we issued an opinion in this case, affirming the findings of guilty and the sentence. On 28 November 2012, our superior court, the Court of Appeals for the Armed Forces (C.A.A.F.), returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration of the following granted issue:

> WHETHER THE ARMY COURT FAILED IN FULFILLING ITS STATUTORY DUTY PURSUANT TO ARTICLE 66, [UCMJ], WHEN IT FAILED TO INDEPENDENTLY WEIGH THE EVIDENCE AS REQUIRED BY THAT ARTICLE.

## DISCUSSION

Our superior court noted that in discussing the sufficiency of the evidence as to appellant's rape conviction, this court wrote, "we are hesitant to substitute our judgment for that of the panel members who heard and saw the testimony of the witnesses. We are even less likely to do so where there is other evidence such as the appellant's own incriminating statements, medical testimony, and scientific evidence which corroborates the victim's testimony." C.A.A.F. reasoned that one might reasonably read the entire passage on evidentiary sufficiency and conclude that, taken as a whole, the reference to hesitating to substitute our judgment for that of the members is nothing more than a recognition "that the trial court saw and heard the witnesses." Article 66(c), UCMJ.

C.A.A.F. then wrote one might also reasonably question whether this court clearly understood it could not defer to the members but were obliged to give a new, fresh look at the testimony, particularly where there were conflicts in the testimony.

We adopt and incorporate our previous opinion in its entirety. However, two ambiguous sentences identified by our superior court need clarification. The sentences identified do indeed reflect nothing more than the mandated recognition "that the trial court saw and heard the witnesses." As pointed out in the Law and Discussion section, Article 66, UCMJ, does require this court to conduct a de novo review of the legal and factual sufficiency of each case. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) (citation omitted). In considering this record both for our previous opinion and again for this opinion, recognizing that Article 66(c) requires this court to give a new, fresh look at the testimony, particularly where there are conflicts in the testimony, we have independently weighed the evidence, judged the credibility of the witnesses, and determined controverted questions of fact. Pursuant to our de novo Article 66(c) review, we find the evidence legally and factually sufficient to prove appellant's guilt beyond a reasonable doubt.

2

## CONCLUSION

On consideration of the entire record and specified issue, we hold the findings of guilty and the sentence as approved by the convening authority to be correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court